Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHERON GILCHRIST,** | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE** |
| v. | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 47 U.S.C. §** |
| | ) **227, ET. SEQ.** |
| **PERSOLVE LEGAL GROUP, LLP,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

SHERON GILCHRIST ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PERSOLVE LEGAL GROUP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1962o (FDCPA) and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Los Angeles, California 90051.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a domestic corporation with its principal place of business located at 9301 Corbin Avenue, Suite 1600, Northridge, California 91324.

9.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number that she has had for over a year.

13. Plaintiff has only used this number as a cellular telephone number.

14. Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

15. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls

from Defendant that began with a delay or pause prior to a live representative of Defendant coming on the line.

17. Defendant's telephone calls were not made for "emergency purposes."

18. Desiring to stop these repeated, unwanted calls, Plaintiff spoke to Defendant soon after the calls began and revoked any previous consent that Defendant had to contact her.

19. Once Defendant was aware that its calls were unwanted and was told to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

20. In spite of her repeated instruction to stop calling her cellular telephone, Defendant instead continued to call her repeatedly.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant caused Plaintiff's telephone to ring and/or attempted to engage Plaintiff in telephone conversation repeatedly.

26. Because Plaintiff informed Defendant that she did not wish to be contacted, Defendant's repeated calls to Plaintiff had the natural consequence of harassing, oppressing, abusing, and annoying Plaintiff, and Defendant intended that its actions have these consequences.

27. Defendant therefore violated both Section 1692d and 1692d(5) of the FDCPA.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

29. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

30. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

31. Defendant's calls to Plaintiff were not made for emergency purposes.

32. Defendant's calls to Plaintiff were made after Plaintiff had explicitly revoked any consent that was previously given.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, SHERON GILCHRIST, respectfully prays for a judgment as follows:

    a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

    b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

    c.    All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

    d.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    f.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    h.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHERON GILCHRIST, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: 3-31-2020 | By: /s/ Amy Lynn Bennecoff Ginsburg <br> Amy Lynn Bennecoff Ginsburg, Esq. <br> Kimmel & Silverman, P.C. <br> 30 East Butler Pike <br> Ambler, PA 19002 <br> Telephone: (215) 540-8888 <br> Facsimile (215) 540-8817 <br> Email: aginsburg@creditlaw.com |